BEER, Judge.
Plaintiff-appellant, Frances Williams, appeals, seeking an increase in the trial court’s award of $300 for alimony and $275 for child support.
She is not employed. The only funds available for her support and that of the three minor children of the marriage, Laurie (17), Michael (11) and Keith (8), are those noted above. Laurie attends Mt. Carmel High School, and the two boys are students at St. James Major Elementary School. Mrs. Williams itemizes the cost of her monthly requirements at approximately $1,400, although her present monthly expenses are -less than this amount. The $1,400 amount is based on the attainment of a life style which she feels is adequate and proper under the circumstances. She acknowledges that she has, since the separation, done without some of the particular items that make up the total amount of her estimated monthly requirements.
Mrs. Williams’ father pays for Laurie’s schooling at Mt. Carmel High School. Mrs. Williams does not pay rent to her father for the living space he provides for her family. Nevertheless, she feels that these payments and favors are, in fact, debts which should be repaid and not counted upon indefinitely.
She suffers from endometriosis which produces low back pain but contends that she is unable to afford the operation needed to remedy her condition. The condition makes it necessary that she employ a part-time maid to do heavy work.
Defendant-appellee, Carl Williams, has two sources of income: Spremich Enterprises and the United States Air Force Reserve. His 1974 gross income from Spremich was $8,400 and his USAFR pay (as a Captain) was $7,710. Since January 1, 1975, he has received a $100 per month raise in pay from Spremich and been promoted to Major in the Air Force Reserve.
We believe that the record supports a conclusion that Carl Williams’ gross income at the time of the hearing of this matter in May of 1975 was in the range between $17,000 and $18,000 per annum.
*207 Taking this into account and giving considerations to Williams’ own requirements, we are inclined to the, view that a somewhat higher figure is called for insofar as the child support award is concerned.
Although we realize that the setting of alimony at $300 and child support at $275 was, to some extent, motivated by federal income tax considerations, we are, nevertheless, of the view that the total of $575 per month is still quite low. The three children of this marriage are at ages when their minimum requirements are going to be exceedingly difficult to meet on the basis of a monthly payment (for all three) of $275 per month. In the circumstances of this case, this conclusion would be Just as compelling if alimony had been set at $200 per month and child support at $375 per month.
 All circumstances considered, we have concluded that the fair and reasonable overall total figure should be $700 per month. For a number of reasons, we are disinclined to disturb the amount of the alimony award. We deem it appropriate to increase the trial court’s award for child support of all three children from a total of $275 per month for all three to $400 per month for all three, effective July 1, 1976.
Accordingly, the judgment of the Civil District Court for the Parish of Orleans is amended to read as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant be and he is hereby condemned to pay alimony and child support in the sum of $700 per month, commencing July 1, 1976, said award to be apportioned on the following basis: $300 per month as alimony to Frances Armstrong Williams and $400 per month as the total child support for the three children, Laurie, Michael and Keith. The combined award of a total of $700 shall be payable on the basis of $350 on the first of each month and $350 on the fifteenth of each month, commencing July 1, 1976.
As amended in the manner stated above, the judgment is affirmed, at appellee’s cost.

AMENDED AND AFFIRMED.